UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON M. HART,<br><br>                    Plaintiff,<br><br>     v.<br><br>ROBIN SMITH, et al.,<br><br>                    Defendant. | CASE NO. 2:21-cv-00014-RSM-BAT<br><br>**ORDER DENYING MOTION FOR DISCOVERY AND MOTION FOR ENLARGEMENT OF TIME** |

Plaintiff, Jason Mark Hart, proceeds pro se in this 42 U.S.C. 1983 civil rights action. Plaintiff has filed a "Motion for Discovery" (Dkt. 13) and a "Motion for Enlargement of Time on Discovery" (Dkt. 19). Defendants have filed responses to plaintiff's motions. Dkts. 18, 21. For the reasons below, plaintiff's motions are DENIED.

**A.     "Motion for Discovery"**

On March 17, 2021, plaintiff filed a "Motion for Discovery" (Dkt. 13) in which he appears to request discovery "via the Court" of various emails, treatment plans, and medical records. Defendants filed a response in which they indicated they had not yet been served with any interrogatories, requests for production, or requests for admission pursuant to the Federal Rules of Civil Procedure. Dkt. 18. However, defendants indicated they would treat plaintiff's filing as a request for production of documents pursuant to Fed. R. Civ. P. 34 and would respond

ORDER DENYING MOTION FOR
DISCOVERY AND MOTION FOR
ENLARGEMENT OF TIME - 1

accordingly. *Id.* Defendants also argue that to the extent plaintiff is seeking to compel discovery his motion is premature has no discovery responses had been served yet nor had the parties met and conferred regarding any disputed responses or objections. *Id.*

Pursuant to Local Civil Rule (LCR) 5(d): "Rule 26 initial disclosures and discovery requests and responses ***must not be filed*** unless they are used in the proceedings or the court orders filing." LCR 5(d) (emphasis added). Accordingly, to the extent plaintiff seeks to serve his discovery requests "via the Court" such a request is improper. Moreover, Fed. R. Civ. P. 37(a) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Similarly, LCR 37 provides, in relevant part:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

LCR 37.

Plaintiff does not certify in his motions that he complied with the meet and confer requirement and defense counsel denies that he has done so. Dkts. 13, 18. Moreover, defendants present evidence, which plaintiff does not dispute, that at the time plaintiff filed his motions, no discovery requests had yet been received and thus no responses were yet due. Dkt. 18. Thus, to the extent plaintiff's motion can be construed as a motion to compel, it is, at a minimum, premature.

Accordingly, plaintiff's "Motion for Discovery" (Dkt. 13) is DENIED.

ORDER DENYING MOTION FOR
DISCOVERY AND MOTION FOR
ENLARGEMENT OF TIME - 2

B.  **Motion for Enlargement of Time**

Plaintiff moves for a 90-day extension of the discovery deadline. Dkt. 19. Defendants argue that plaintiff has failed to establish "good cause" under Local Civil Rule 16(b)(6) for an extension of the discovery deadline. Defendants note that the current discovery deadline is not set to expire until June 24, 2021, and plaintiff fails to explain why, at this point, he believes he will require additional time to conduct discovery. Dkt. 21. However, defendants also acknowledge that to the extent plaintiff intends to seek considerably more documents and information in discovery an extension may be necessary, and they do not oppose an extension of the deadline provided the subsequent pretrial deadlines are also revised. *Id.*

The Court finds that plaintiff fails to demonstrate good cause for an extension of the June 24, 2021, discovery deadline at this point. Accordingly, plaintiff's motion for extension of the discovery deadline (Dkt. 19) is DENIED.[1]

## CONCLUSION

For the above reasons, plaintiff's "Motion for Discovery" (Dkt. 13) and plaintiff's "Motion for Enlargement of Time on Discovery" (Dkt. 19) are DENIED.

The Clerk is directed to provide a copy of this order to the parties.

DATED this 5th day of May, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] The Court notes that if, as discovery progresses, it becomes clear that the parties will be unable to complete discovery by the June 24, 2021, deadline, either party is free to move for an extension of the deadline at that time. However, any future request for extension should include the specific reason why the extension is necessary.

ORDER DENYING MOTION FOR
DISCOVERY AND MOTION FOR
ENLARGEMENT OF TIME - 3