UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON M. HART,<br><br>                Plaintiff,<br><br>   v.<br><br>ROBIN SMITH, ET AL.,<br><br>                Defendants. | CASE NO. 2:21-cv-014-RSM-BAT<br><br>ORDER GRANTING MOTION TO VOLUNTARILY DISMISS |

On January 14, 2021, *pro se* Plaintiff Jason M. Hart filed a Prisoner Civil Rights Complaint related to medical treatment he received as a Washington State prisoner. Dkt. #1. Defendants answered (Dkt. #11) and the case proceeded before United States Magistrate Judge Brian A. Tsuchida. Plaintiff quickly sought injunctive relief, which was recently denied by the Court. *See* Dkts. #34 (Report and Recommendation) and #45 (Court's June 8, 2021 adoption). Less than a week later, Plaintiff filed a Motion to Voluntarily Dismiss. Dkt. #46. Also pending before the Court are a Report and Recommendation related to discovery disputes and to Plaintiff's motion for default judgment (Dkt. #38), Plaintiff's motion seeking to enlarge his time for expert discovery (Dkt. #40), and a defense motion to extend the time for discovery (Dkt. #47). Finding Plaintiff's

motion for voluntary dismissal dispositive, the Court grants the motion, dismisses the action, and denies the other pending motions as moot.

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal"). However, the decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).

Here, Plaintiff's motion indicates that he is seeking to dismiss the action "out of the kindness of [his] heart" and he requests only that the dismissal be without prejudice. Dkt. #46. Defendants have answered the complaint but do not oppose the motion or argue that they will be prejudiced by dismissal. Dkt. #50. Defendants only request that the Court note Rule 41(d) in considering the proper terms of dismissal. *Id.* at 2. That rule provides that a plaintiff who has voluntarily dismissed an action, may be required "to pay all or part of the costs of that previous action" if the plaintiff "files an action based on or including the same claim against the same defendant." FED. R. CIV. P. 41(d)(1).

Under these circumstances, the Court finds that dismissal of Plaintiff's complaint is appropriate. Most importantly, Plaintiff has himself sought dismissal. The court is not concerned with the timing of the request as Plaintiff may have considered his chance of success diminished after he was denied injunctive relief and Defendants do not argue that they will suffer any prejudice. The Court agrees that the dismissal should be without prejudice, especially in the absence of any countervailing argument from Defendants. The Court does not, however, find this the appropriate time to consider whether to force Plaintiff to bear the costs of this action in the event he pursues these same claims against Defendants in the future. Such a requirement should, of course, first be considered in the context of such a subsequent action. Instead, the Court concurs with Defendants' notice to Plaintiff that he should remain mindful of the potential collateral consequences of his voluntary dismissal in this action.

Accordingly, and having considered the pending motions, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that:

1. Plaintiff's Motion to Voluntarily Dismiss (Dkt. #46) is GRANTED.

2. Defendant's Motion for Relief from Discovery Cutoff Deadline (Dkt. #47) is DENIED, as moot.

3. Plaintiff's Motion for Enlargement of Time for Experts, Discovery, Reports, Dispositive Motions, Time (Dkt. #40) is DENIED, as moot.

4. The Court does not adopt the pending Report and Recommendation (Dkt. #38). Rather, the Court DENIES, as moot, Plaintiff's "Motion to Compel to Produce 'Electronically Stored Information' for Discovery" (Dkt. #24), "Motion to Compel Discovery" (Dkt. #27), "Motion to Compel Defense to Produce Missing Evidence for Discovery" (Dkt.

| | |
|---|---|
| 1 | #28), "Motion to Compel Evidence or Withheld or Removed X-Rays/Evidence"[1] (Dkt. |
| 2 | #29), and Motion for Default Judgment (Dkt. #33). |
| 3 | 5. This case is CLOSED. |
| 4 | 6. The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida. |
| 6 | DATED this 7th day of July, 2021. |

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court has cleaned up the captioning of this motion. As captioned by Plaintiff, the motion was titled: "Motion to Compell" [Evidence of Withheld or Removed X-Rays/Evidence for Compell]. Dkt. #29.